**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLAN JOEL MENDOZA NAVAS, | ) | |
| | ) | Case No. 3:26-cv-1700 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Allan Joel Medoza Navas's Petition for Writ of Habeas Corpus (ECF No. 7). Petitioner is a native and citizen of Honduras. He left Honduras in 2016, entered the United States via Mexico in 2021, and then made his way to New York. Petitioner reports that he previously had received a one-year humanitarian visa in Mexico valid from 2016-2017, but that he could not continue renewing it and then "fled" to the United States. Petitioner does not indicate how or where he entered the United States. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on August 25, 2026. On August 27, 2026, approximately five years after entering the United States but immediately after being taken into ICI custody[1], Petitioner filed an Application for Asylum and for Withholding of Removal, Form I-589 ("Asylum Application") (ECF No. 1-1). Petitioner also received a Notice to Appear for an internet-based hearing on September 16, 2026. (*Id.*) Petitioner is currently detained in this judicial district at the Moshannon Valley Processing Center ("MVPC").

The United States Court of Appeals for the Third Circuit in a divided panel recently held

[1] *See* 8 U.S.C. §1158(a)(2)(B) (providing that in all but certain specified circumstances, an asylum application must be filed within 1 year after the date of the alien's arrival in the United States); *see also Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *11 n. 17 (3d Cir. Aug. 28, 2026) (Mascott, J., dissenting).

in *Buele Morocho v. Warden Philadelphia FDC*, that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), applies to an alien who is not "an alien seeking admission." WL 2546223, at *3. The Third Circuit further held that where an alien is not engaging in an "ongoing affirmative act to 'seek[] admission' to the United States," such as when applying for asylum, the alien is outside the scope of 8 U.S.C. § 1225(b)(2)(A). *See* 2026 WL 2546223, at *4 n. 11. Petitioner, like the petitioners in *Buele Morocho*, is not alleged to be seeking admission to a port of entry, but rather was already present in the country. According to the Third Circuit, Petitioner's detention is therefore governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is governed by § 1226(a), detention without a bond hearing is a violation of the Petitioner's due process rights. *Id.* at *9.

AND NOW, this 15th day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226. All other requests in the Petition are otherwise DENIED. The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record